Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA MCINTOSH, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT,** |
| | ) **ROSENTHAL FAIR DEBT** |
| DORSEY, THORNTON & | ) **COLLECTION PRACTICES ACT,** |
| ASSOCIATES, LLC; and | ) **AND INVASION OF PRIVACY** |
| MICHAEL THORNTON, an | ) |
| individual, | ) |
| | ) |
| Defendants. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

Complaint - 1

invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3.   Plaintiff, Sheila McIntosh ("Plaintiff"), is a natural person residing in Sacramento county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal Civ Code 1788.2(h).

4.   At all relevant times herein, Defendant, Dorsey, Thornton & Associates, LLC ("Defendant DTA") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f).  Defendant DTA regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

5.   At all relevant times herein, Defendant, Michael Thornton ("Defendant Thornton") was owner of Defendant DTA.  As an officer, shareholder and/or director of Defendant DTA, Defendant Thornton was

responsible for the overall success of the company. Defendant Thornton is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c): he materially participated in collecting debt by occupying a position of critical importance to Defendant DTA's business; as the owner of Defendant DTA, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant DTA's affairs and Defendant Thornton continued to play a key role in maintaining and expanding Defendant DTA's debt collection activities throughout the time in question.

## IV.  FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant DTA contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. Defendant DTA claims that Plaintiff owes on an account owned by Advance America for a fraudulent check payment.

7. On more than one occasion, Defendant DTA claimed that Plaintiff had committed check fraud accusing Plaintiff of a criminal offense and threatened that Plaintiff would be taken to jail and other criminal proceedings would ensue for failure to pay an alleged debt, including but not limited to, phone calls from

"Investigator Johnson, an employee of Defendant, on June 22, 2010, June 28, 2010, and June 30, 2010.

8. On more than one occasion, Defendant DTA threatened Plaintiff that failure to pay the alleged debt would result in a negative reporting of the alleged debt on Plaintiff's credit report resulting from an alleged fraudulent check.

9. Plaintiff contacted Advance America, the original creditor of the alleged underlying debt who confirmed that the account was not sent to Defendant DTA for collection but to a different collection company, Paragon Way, Inc.

10. Plaintiff was informed by Paragon Way, Inc. that the alleged debt was for $313.26, inclusive of all late fees and charges, which Plaintiff to Paragon Way, Inc.

11. Defendant DTA claimed that the alleged debt was more than $1,000.00 and attempted to sway Plaintiff to pay the alleged debt on a discounted total of approximately $600.00.

12. Plaintiff has disputed the alleged debt and reported the Defendant DTA's conduct with the Better Business Bureau.

13. Defendant DTA claims that Plaintiff paid the incorrect company, despite retrieving the information directly from the original creditor, insisting that the alleged debt was purchased multiple times.

14. Defendant DTA claims that it will continue to report the alleged debt until they are paid, despite Plaintiff's payment of the underlying debt to another collection company directed by the original creditor of the underlying debt.

15. Defendant DTA's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

> a) Falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff (§1692e(7));
>
> b) Placing (a) telephone call(s) to Plaintiff without disclosure of the caller's true identity or a registered alias name along with the name of the agency authorizing the call (Cal Civ Code §178811(b));
>
> c) Threatening that the failure by Plaintiff to pay Plaintiffs consumer debt will result in an accusation that Plaintiff had committed a crime, where such accusation is false (Cal Civ Code §1788.10(b));
>
> d) Communicating, or threatening to communicate to a third party the fact that Plaintiff has engaged in conduct, other than the failure to pay a consumer debt, which Defendant knew or had reason to know would defame the debtor (Cal Civ Code §1788.10(c));
>
> e) Threatening Plaintiff to sell or assign Plaintiffs obligation to another person, and threatening that the result of such sale or assignment would be that Plaintiff would lose a defense to the consumer debt (Cal Civ Code §1788.10(d))

f) Threatening Plaintiff that nonpayment of Plaintiffs debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code § 1788.10(e));

g) Communicating with a debtor in the name of an attorney or counselor at law or upon stationery or like written instruments bearing the name of the attorney or counselor at law, where such communication is not by an attorney or counselor at law or would not have been approved or authorized by such attorney or counselor at law (Cal Civ Code § 788.13(c));

h) Representing that Defendant is vouched for, bonded by, affiliated with, or is an instrumentality, agent or official of any federal, state or local government or any agency of federal, state or local government, where Defendant is not actually employed by the particular governmental agency in question or is not acting on behalf of such agency with respect to Plaintiff (Cal Civ Code §1788.13(d));

i) Falsely representing that Plaintiffs debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges, where, in fact, such fees or charges could not legally have been added to the existing obligation (Cal Civ Code §1788.13(e));

j) Falsely representing or implying that nonpayment of Plaintiffs debt would result in the seizure, garnishment, attachment, or sale of Plaintiffs property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

Complaint - 6

  k) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening (§1692e(5))

  l) Using Plaintiff, or distributing to Plaintiff, a written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval (§1692e(9));

  m) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10);

  n) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11)); and

  o) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11)).

16.  Defendant Thornton as owner of Defendant DTA is directly responsible for Defendant DTA's violations.

17.  Defendant DTA's aforementioned violations of the FDCPA and RFDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive

to a reasonable person.  Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

18. Defendant DTA's aforementioned disclosure of facts regarding Plaintiff's debt to third parties constitutes a public disclosure of a private fact not of legitimate public concern.  Defendant DTA's disclosures were highly offensive to a reasonable person.

19. As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant DTA and Defendant Thornton (collectively "Defendants") are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT AS TO BOTH DEFENDANTS

20. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

  A. Declaratory judgment that Defendants' conduct violated the FDCPA;
  B. Actual damages;
  C. Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AS TO BOTH DEFENDANTS

21.    Plaintiff reincorporates by reference all of the preceding paragraphs.

22.    To the extent that Defendants' actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

    A.    Declaratory judgment that Defendants' conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS AS TO BOTH DEFENDANTS

23.    Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

    A.    Actual damages

    B.    Punitive Damages; and,

    C.    For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 23rd day of August, 2010.

                              By: /s Todd M. Friedman_____
                                   **TODD M. FRIEDMAN (216752)**
                                   **Attorney for Plaintiff**